ESTEBAN MARTINEZ v. THE STATE.

No. 3168.     Decided October 18, 1905.

**Murder in Second Degree—Manslaughter—Charge of Court.**

See opinion for facts which required the court to submit to the jury a charge on manslaughter.

Appeal from the District Court of Webb. Tried below before Hon. J. F. Mullally.

Appeal from a conviction of murder in the second degree; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*A. C. Hamilton,* for appellant.—Brande v. State, 45 S. W. Rep., 17; Guerrero v. State, 47 id., 655; Folks v. State, 58 id., 98; McLaughlin v. State, 10 Texas Crim. App., 340.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—This conviction is murder in the second degree, the penalty assessed being five years confinement in the penitentiary.

The only question we deem necessary to review is the error of the court failing to submit the law of manslaughter to the jury. We think the evidence clearly raises the issue. The facts show that appellant was drunk, and was invited by deceased to go with him to his room, in order that deceased might change his clothes. Appellant accepted the invitation and started. On the way some character of difficulty occurred, in which deceased received a mortal stab, and appellant received various wounds with a knife. There were no eye-witnesses to the transaction, except appellant and deceased. The difficulty occurred at night. In this state of the record we cannot say that the issue of manslaughter is not suggested; and in our opinion the court erred in not so charging.

For this error the judgment is reversed and the cause remanded.

*Reversed and remanded.*